**In the Matter of E. S. H., Incompetent, Appellant.**

**No. 41394.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1980.

Timothy V. Barnhart, St. Louis, for appellant.

Samuel B. Murphy, Jr., St. Louis, for respondent.

CRIST, Judge.

Incompetency proceeding under Chapter 475, RSMo.1978.

On January 22, 1979, respondent wife (hereinafter "wife") filed a petition in the Probate Division, St. Louis Circuit Court, for appointment of a guardian for appellant husband (hereinafter "husband"). On February 5, 1979, a hearing was held on the petition. The probate court found husband to be "incompetent by reason of *Mental Illness and Senility*." Wife was appointed guardian of the person and estate of husband. Husband appeals. We affirm.

Husband first challenges the sufficiency of the court order. He asserts the order is void for lack of an express finding that husband was unable to manage his property and/or care for himself. We do not agree. The statute requires the appointment of a guardian if the court finds "the subject of an inquiry is incompetent as defined in this law." Section 475.090, RSMo.1978. The probate court expressly found husband to be "incompetent by reason of *Mental Illness and Senility*." An "incompetent" is defined in the statute as one who, by reason of senility and mental illness, among other possible reasons, is incapable of managing his property and/or caring for himself. Section 475.010 sub. (3), RSMo.1978. Thus, by statutory definition, a finding of incompetency is equivalent to a finding of inability to manage one's property and/or care for oneself. We believe the order of the court below was sufficient to comply with the statute. We limit our holding to that effect.

Husband's remaining points relate to the sufficiency and weight of the evidence. He contends: (1) there was insufficient evidence that his incompetency was by reason of mental illness and senility; (2) there was insufficient evidence to meet the strict standards set for a finding of incompetency; and (3) the evidence of husband's competency was so strong that husband should not be found incompetent as a matter of law. A review of the evidence supporting the order of the court below requires us to disagree on these points also.

At trial, husband's treating physician gave a detailed medical history, diagnosis, and prognosis. He testified husband was suffering from a chronic brain syndrome with generalized arteriosclerosis. He was psychotic. He was manic, but this behavior had subsided to a degree. He was depressed. He was hostile towards his wife and family and exhibited paranoid thinking in relation to them. He was mentally ill and likely to harm himself and others. There was a danger that he might dissipate his resources by being extravagantly generous with casual acquaintances. He was incapable of managing his own affairs. The appointment of a guardian for his person and estate would be very advantageous to husband. Wife testified in support of the medical testimony.

Accordingly, there can be little question about the sufficiency of the evidence. The attending physician's testimony was clear that husband's incompetency was caused by his mental illness and senility. While husband's testimony negates the testimony of his wife and the attending physician, the probate court had the burden of determining the weight and credibility of the evidence and settling any conflicts. The standards set out in *Matter of Armstrong*, 573 S.W.2d 141, 144 (Mo.App.1978), and *Matter of Brown*, 527 S.W.2d 395, 398–99 (Mo.App. 1975), are met. We rule husband's last three points against him.

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.